[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The paternity of the minor children, ages three and six, was established by written acknowledgments executed and sworn to by their mother and father and were filed on May 11, 1984 and 1990 under Docket No. 87-600554. C.G.S. Section46b-172 (a) directs that such acknowledgments "shall have the same force and effect as a judgment. . . ."
Throughout their young lives, there children have lived primarily with their father. From December 1, 1989 to January 10, 1990 Helen Marshall, the maternal aunt, had temporary custody by means of an ex parte hearing in New York State without notice to the plaintiff father or an opportunity to be heard. Defendant mother was incarcerated in Florida at that time. This court ordered the children returned to their father.
Comes now Helen Marshall seeking blood tests of the plaintiff to determine whether Robert Lee Davis, Jr. is in fact the genetic father of the children. CT Page 1763
The question before the court is whether, under the facts of this case, Helen Marshall, the maternal aunt, has standing to intercede at this point in the process.
This court finds that she has not met the burden proving facts entitling her to such status. She has shown no specific personal legal interest in the paternity adjudication. She has shown no actionable aggrievement.
If the paternity issue is an urgent one, the best interests of these young children demands that the urgency should have been addressed in 1987 when they began living in Hartford with their father, absent their mother; or on May 11, 1984, when written acknowledgments of paternity were first filed.
Being primarily concerned with the best interests of the children, this court sees no basis for opening litigation gates to third parties under circumstances such as these.
Comfortably settled with their father, and benefiting from the presence of a supporting extended family in Hartford, Connecticut, the time has passed to reopen the May 11, 1984 paternity issue.
Nor is Helen Marshall the person to open this by means of a motion for blood tests.
Joseph L. Steinberg